Roger Dale **HALL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 63320.

Court of Criminal Appeals of Texas, Panel No. 3.

May 4, 1983.

Dean White, Canton, for appellant.

Richard Davis, Dist. Atty. and Jeffrey B. Keck, Asst. Dist. Atty., Canton, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ODOM and McCORMICK, JJ.

OPINION

McCORMICK, Judge.

This is an appeal from a conviction for driving while intoxicated. Punishment was assessed at forty-five days and a $300 fine, probated.

**628**

In his second ground of error, appellant argues that the trial court erred in refusing his specially requested instruction on the issue of whether he voluntarily consented to take a breathalyzer test. At trial, appellant testified as follows:

"A. He just said I was informed—he asked me to take a breath test and I said 'Do I have to'.

"Q. What did he tell you then?

"A. He said 'No, you don't have to but if you don't you're automatically convicted of DWI and your license will be suspended for up to a year.'

"Q. Did he tell you you didn't have to take that breath test?

"A. He told me I didn't but if I didn't my license would be suspended.

"Q. At that point did you decide to take the breath test?

"A. Yes, sir."

DPS Trooper Higdon testified that he and his partner advised appellant that refusal to take the breath test could mean suspension of his driver's license for up to a year.[1] Appellant contends this testimony raised the issue of voluntariness.

In *Turpin v. State*, 606 S.W.2d 907 (Tex. Cr.App.1980), this Court held that whether a driver's consent to take a breathalyzer test was voluntary is a question of fact for the factfinder. Article 38.23, V.A.C.C.P. In *Turpin*, there was conflicting evidence as to whether Turpin's consent to take the breathalyzer test was fraudulently induced. We concluded that, in view of the conflicting evidence, the issue was properly submitted to the jury.

Although the evidence as to voluntariness in the instant case may not be as strong as that in *Turpin v. State, supra*, we find that the issue was sufficiently raised and the trial court should have instructed the jury on the issue of voluntary consent.

The judgment is reversed and remanded.

---

1. Article 6701*l*–5, Section 2, V.A.C.S., provides that if an individual under arrest refuses to take a breathalyzer test the Department of Public Safety may institute an administrative proceeding whereby the individual's driver's license *may* be suspended for a period not exceeding one year.