**The STATE of Texas, Appellant,**

v.

**Ervin Richard SELLS, Appellee.**

**No. 3–90–114–CR.**

Court of Appeals of Texas, Austin.

Oct. 17, 1990.

---

Kimbel L. Brown, Asst. County Atty., New Braunfels, for appellant.

Emil Holiner, San Antonio, for appellee.

Before SHANNON, C.J., and ABOUSSIE and JONES, JJ.

PER CURIAM.

The State appeals an order granting appellee's motion to suppress evidence. Tex. Code Cr.P.Ann. art. 44.01(a)(5) (Supp.1990). The underlying cause is a prosecution for driving while intoxicated, first offense, and the evidence suppressed is the result of appellee's breath test.

Appellee was arrested on the night of July 30, 1989, and taken to the sheriff's department. After being advised of his rights as required by Tex.Rev.Civ.Stat. Ann. art. 6701*l*–5, § 2(b) (Supp.1990), appellee was asked if he would take a breath test. According to appellee's testimony at the suppression hearing, he asked the officer what the consequences would be if he refused, to which the officer replied that he "would automatically be charged and incarcerated." Appellee testified that he would not have taken the breath test but for this statement by the officer. The arresting officer, who also testified, could not recall whether he made the statement to appellee.

The court found that the officer had misstated the applied consent law and that the misstatement rose to a level of coercion.

Based on the finding that appellee's consent to the test had not been voluntary, the court ordered that the result be suppressed.

As trier of fact at the suppression hearing, the trial court was free to believe the testimony of appellee. *State v. Carr*, 774 S.W.2d 379 (Tex.App.1989, no pet.). The State does not dispute this, nor does it deny that the officer was incorrect when he told appellee that he would be "automatically charged and incarcerated" if he refused the breath test.[1] Nevertheless, the State argues that the trial court erred by concluding that the officer's misstatement rendered appellee's consent involuntary.

Any person who operates a motor vehicle on a public highway is deemed to have consented to a blood or breath test for the presence of alcohol or other intoxicants in his body. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5, § 1 (Supp.1990). On the other hand, the same law provides (with an exception not applicable here) that if a driver refuses to submit to a blood or breath test, "none shall be taken." Tex.Rev.Civ.Stat. Ann. art. 6701*l*–5, § 2(a) (Supp.1990). The Court of Criminal Appeals has explained this seeming inconsistency as follows:

[C]onsent being implied by law, a driver may not legally refuse. A driver, however, can physically refuse to submit, and the implied consent law, recognizing that practical reality, forbids the use of physical force to compel submission.

*Forte v. State*, 759 S.W.2d 128, 138 (Tex. Cr.App.1988), quoting *State v. Spencer*, 305 Or. 59, 750 P.2d 147, 153 (1988). *See also McCambridge v. State*, 712 S.W.2d 499, 504 n. 16 (Tex.Cr.App.1986). The State argues that because there is no evidence that appellee was forced to submit to the breath test, the trial court erred by finding that the test had been coerced.

While the implied consent law forbids the use of physical force to compel submission to a breath or blood test, it does not follow that *only* physical force is forbidden. The Court of Criminal Appeals has repeatedly

---

**1.** Refusal to submit to the test will result in the suspension of one's driver's license and may be used as evidence in a subsequent prosecution, but does not trigger the filing of charges or incarceration. Tex.Rev.Civ.Stat.Ann. art. 6701*l*–5, §§ 2 and 3 (Supp.1990).

stated that a driver's consent to a blood or breath test must be voluntary. *Turpin v. State,* 606 S.W.2d 907, 914 (Tex.Cr.App. 1980); *Hearn v. State,* 411 S.W.2d 543, 545 (Tex.Cr.App.1967). If a driver's consent is induced by an officer's misstatement of the consequences flowing from a refusal to take the test, the consent is not voluntary. *Hall v. State,* 649 S.W.2d 627 (Tex.Cr.App. 1983). The officer in *Hall* allegedly told the driver that if he refused to take a breath test "you're automatically convicted of DWI and your license will be suspended." The court held that this raised the issue of voluntariness.

We believe that *Hall* is dispositive of this cause. Having found that appellee's consent to the breath test was induced by the officer's misstatement of the implied consent law, the trial court did not abuse its discretion in granting the motion to suppress. Tex.Code Cr.P.Ann. art. 38.23(a) (Supp.1990).

The order of the trial court is affirmed.