The STATE of Texas, Appellant,

v.

Marty Dale WILLIAMS, Appellee.

No. 1202–91.

Court of Criminal Appeals of Texas, En Banc.

June 3, 1992.

E.G. Morris, Austin, for appellant.

Ken Oden, County Atty., and Giselle Horton, Asst. County Atty., Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

OVERSTREET, Judge.

Appellee was charged with driving while intoxicated. The State appealed the trial court's order granting appellee's motion to suppress evidence. The Third Court of Appeals affirmed the ruling of the trial court. *State v. Williams*, 814 S.W.2d 256 (Tex. App.—Austin, 1991). We granted the State's petition for discretionary review to determine whether appellee voluntarily consented to have his blood drawn after being informed he was under arrest.

### I. PERTINENT FACTS

Appellee was involved in a one car accident in which he ran off the road and crashed. He was transported to the hospital by ambulance. A DPS trooper who investigated the accident went to the hospital after spending over an hour at the scene. No witnesses to the accident had mentioned possible alcohol involvement. Upon arriving at the hospital the trooper inquired whether the injuries were life

threatening. After determining they were not, the trooper approached appellee, who was strapped to a hospital bed, noticed he had red and bloodshot eyes, his speech was slurred, and his breath smelled of alcohol. Without any further inquiry as to extent of injuries the trooper performed a horizontal gaze nystagmus test to which he testified at the pre-trial hearing appellee "failed." At this point, the trooper read appellee the "DIC 24" form, including the provision "You're under arrest for the offense of driving while intoxicated," and obtained appellee's consent to take blood after being warned of the consequences for failure to do so.[1]

## II. GROUND FOR REVIEW

The State's ground on which we granted review is as follows:

> Did the court of appeals err in affirming the trial court's pre-trial suppression ruling on the alternative ground of "involuntary consent," when the record does not support such a finding and clearly shows that if the trial court exercised its discretion at all on this issue, it did so without reference to guiding legal principles?

In other words, the State claims that the consent was freely and voluntarily given.

For the first time, at oral argument before the court of appeals, the State raised "voluntary consent" as a possible reason to justify the admission of the blood. That issue was never presented by either testimony or argument at the pretrial hearing, and thus there is nothing in the record to support the State's alternative theory that even though no probable cause existed, appellee's subsequent written consent should be sufficient since he was warned of the consequences.

## III. CONCLUSION

After careful review, we find that the record supports the ruling of the trial court. We also find the reasoning and opinion of the court of appeals to be sound. The State has presented nothing supported by the record that would justify disturbing the holdings of the lower courts. Therefore, the judgement of the court of appeals is affirmed.

McCORMICK, P.J., and CAMPBELL, WHITE and BENAVIDES, JJ., concur in result.

---

1. We note that the consent was given *immediately* after being told by a police officer that he was under arrest. Appellee was strapped to a hospital bed in a semi-conscious state with an officer standing over him telling him he was under arrest and would he like to submit to a blood test.