**Adolphus EWEROKEH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 3–91–425–CR.

Court of Appeals of Texas,
Austin.

Aug. 12, 1992.

Discretionary Review Refused
Nov. 25, 1992.

David A. Sheppard, Austin, for appellant.

Ken Oden, County Atty., Giselle Horton, Asst. County Atty., Austin, for appellee.

Before CARROLL, C.J., and JONES and DAVIS *, JJ.

---

* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See*

DAVIS, Justice (Retired).

Appeal is taken from a conviction for the misdemeanor offense of driving while intoxicated. *See* Tex.Rev.Civ.Stat.Ann. art. 6701*l*–1 (Supp.1992). Trial was before the court upon a plea of not guilty. Punishment was assessed at one-hundred eighty days confinement and a fine of one thousand dollars. The confinement and six-hundred dollars of the fine were probated for a period of two years.

Appellant asserts two points of error. In his first point of error, appellant urges that the trial court erred in refusing to suppress the results of a breath test due to the fact that the warnings required by Tex.Rev.Civ. Stat.Ann., art. 6701*l*–5 (Supp.1992) were not given before requesting that appellant take the breath test. In his remaining point of error, appellant contends that the trial court erred in finding that appellant's consent to take the breath test was not coerced. We overrule appellant's points of error and affirm the judgment of the trial court.

The facts appear to be undisputed. Appellant did not testify nor did he offer any evidence. After receiving a report that a vehicle was travelling on Rundberg Lane with two flat tires, Austin police officers proceeded to that location where they observed the vehicle being followed by an ambulance. Appellant, the only occupant in the vehicle, "sped up considerably" from a speed of "no more than five miles an hour" after he saw the patrol car. Three or four blocks after the officers signaled him to pull over, appellant brought his vehicle to a stop. Appellant's eyes were red, he swayed and had a "moderate odor of alcohol on his breath." After failing field sobriety tests, appellant was arrested for driving while intoxicated.

At the pretrial hearing, officer Darrell Burnham testified that on the way to the police station he explained appellant's option of taking a breath test, and "if [he] refused to take the breath test, he could lose his license for ... a period of time."

---

Tex. Gov't Code Ann. § 74.003(b) (1988).

Appellant was further advised that if he failed the breath test he would be booked into jail for DWI. Burnham testified during the trial on the merits that he told appellant, "If you refused to take the breath test, you will be put in a video room, ... and then after the video, he would be booked into jail." Burnham requested that appellant take the test and he agreed. It is undisputed that upon arrival at the station house, the appellant was read his rights under art. 6701*l*–5 § 2(b). There is no suggestion that appellant failed to receive accurate and complete warnings before he again consented and the test was administered to him.

■ Appellant's two points of error are closely interrelated and will be considered together. The court's refusal to grant his motion to suppress the results of the breath test due to the failure of the officer to give the accurate statutory warning before obtaining appellant's consent to take the test forms the basis of his first point of error, while his second point of error is directed to the court's failure to find that his consent to take the breath test was coerced.

Prior to requesting a person arrested for driving while intoxicated give a blood or breath test, art. 6701*l*–5 § 2(b) provides in pertinent part:

> Before requesting a person to give a specimen, the officer shall inform the person orally and in writing that if the person refuses to give the specimen, that refusal may be admissible in a subsequent prosecution, and that the person's license, permit, or privilege to operate a motor vehicle will be automatically suspended for 90 days after the date of adjournment of the hearing provided for in Subsection (f) of this section, whether or not the person is subsequently prosecuted as a result of the arrest.

Any person who operates a motor vehicle on a public highway is deemed to have consented to a blood or breath test for the presence of alcohol and other intoxicants under the express provisions of Tex.Rev. Civ.Stat.Ann. art. 6701*l*–5, § 1 (Supp.1992). However, the courts have held that a driv-er's consent to take a blood or breath test must be voluntary. *See, e.g., Turpin v. State,* 606 S.W.2d 907, 914 (Tex.Crim.App. 1980). The giving of a breath or blood sample is nontestimonial in nature and neither the Fifth Amendment nor Tex.Code Crim.Proc.Ann. art. 38.22 (1979) is applicable. *Id.* at 913–14.

In *Hogue v. State,* 752 S.W.2d 585, 589–90 (Tex.App.1987, pet. ref'd), the court stated that it had "found no authority construing [art.] 6701*l*–5 as requiring proof of these warnings a predicate to the introduction of voluntarily taken breath test results, and we do not so construe the statute." Nor is proof of having furnished the accused a written copy of article 6701*l*–5 warning required as a predicate to the introduction of voluntarily taken breath tests. *Landgraff v. State,* 740 S.W.2d 577, 579 (Tex.App.1987, pet. ref'd).

We find appellant's reliance on *State v. Sells,* 798 S.W.2d 865 (Tex.App.1990, no pet.), for the proposition that his consent was coerced to be misplaced. In *Sells,* the defendant testified that he would not have taken the breath test but for the officer's incorrect statement that he "would automatically be charged and incarcerated" if he refused. *Id.* at 866. The officer who had given the warning did not controvert the defendant's testimony, testifying that he could not recall whether he had made the statement to the defendant. The court concluded that the trial court did not abuse its discretion in granting the defendant's motion to suppress where the defendant's consent was induced by the officer's misstatement of the implied consent law. *Id.* at 867. We find the instant cause to be distinguishable from *Sells* in two significant respects. In *Sells,* the defendant's testimony that he relied on the incorrect warning was uncontroverted. In the instant cause there is no evidence that the appellant relied on the incorrect statement in giving his consent to take the breath test. Further, unlike *Sells,* the correct version of article 6701*l*–5 was given appellant and he again consented to the test before the test was administered.

In reviewing a trial court's ruling on a motion to suppress evidence, the appellate court will not reverse that decision absent a clear showing that the trial court abused its discretion. *State v. Williams,* 814 S.W.2d 256, 258 (Tex.App.1991), *aff'd,* 832 S.W.2d 52 (Tex.Crim.App.1992). We will not find that the trial court abused its discretion by engaging in the presumption that appellant's consent was coerced by the first warning given by the officer when the record is devoid of any evidence to support such a conclusion. Nor will we hold that the trial court abused its discretion based on nothing more than speculation that appellant's consent was induced by the incorrect warning. Appellant's points of error are overruled.

The judgment is affirmed.