IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-411-CR




THE STATE OF TEXAS,



 APPELLANT


vs.





KARL JUSTIN SHAFFER,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY



NO. 2C91-100,016, HONORABLE JOHN BARINA, JUDGE PRESIDING


 





PER CURIAM

 The State appeals from an order of the county court at law granting appellee's
motion to suppress evidence. Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (West Supp. 1993). 
The underlying offense is driving while intoxicated. Tex. Rev. Civ. Stat. Ann. art. 6701l-1 (West
Supp. 1993).

 At approximately 4:45 a.m. on September 22, 1991, Temple police officer David
Davis was called to the scene of a one-car accident at 1905 East Adams. Davis found an
automobile with a good deal of body damage sitting in a ditch beside the road. From his
examination of the scene, Davis determined that the car left the road and hit two signs before
coming to rest. Witnesses told Davis that the two occupants of the car had left on foot, one going
to a nearby convenience store.

 Officer Derek Rose went to the convenience store in question, which was two
blocks from the accident scene. In the store, Rose met appellee, who told him that he had run off
the road as he was driving home. Appellee answered affirmatively when Rose asked him if his
was the car in the ditch. During this conversation, Rose noticed that appellee displayed several
of the usual symptoms of intoxication: the smell of an alcoholic beverage, glassy eyes, slurred
speech, and unsteadiness on his feet. Rose drove appellee to the scene of the accident, where he
performed the horizontal gaze nystagmus test. Based on appellee's performance on this test and
on their other observations, the officers determined that appellant was intoxicated and he was
arrested for driving while intoxicated. Rose drove appellee to the police station, where he was
videotaped and took a breath test.

 Appellee filed a motion to suppress evidence seized as a result of his arrest,
including observations of his physical and mental faculties, Intoxilyzer results, video recordings,
and any statements made at the time of or following the arrest. As grounds to suppress, the
motion alleged that appellee was arrested



without probable cause or legal process in that the Defendant had not committed
any offense in the presence or view of the arresting peace officer nor did the
arresting officer have reliable information from a credible source that a felony had
been committed by the Defendant and that the Defendant was about to escape.



As authority, the motion cited the Texas Constitution, and chapter 14 and article 38.23 of the
Code of Criminal Procedure. Tex. Const. art. I, § 9; Tex. Code Crim. Proc. Ann. ch. 14 (West
1977 & Supp. 1993) and art. 38.23 (West Supp. 1993).

 Chapter 14 of the Code of Criminal Procedure prescribes the only situations in
which a peace officer may arrest without a warrant in this state. Self v. State, 709 S.W.2d 662,
665 (Tex. Crim. App. 1986). At the hearing on the motion to suppress, the State stipulated that
appellee was arrested without a warrant, thus assuming the burden of showing that the arrest fell
within one of the statutory exceptions to the warrant requirement. Id. After adducing the
testimony summarized above, the prosecutor argued to the court that the officers had probable
cause to arrest appellee for driving while intoxicated. The prosecutor did not, however, specify
the statute authorizing the officers to act without a warrant. The court took the matter under advisement. The next day, the court signed an order granting the motion to suppress. (1) The court
made no findings of fact or conclusions of law.

 A motion to suppress evidence is committed to the trial court's discretion. This
Court will not reverse a trial court's ruling suppressing evidence absent a clear showing that the
court abused its discretion. State v. Comeaux, 786 S.W.2d 480, 482 (Tex. App.--Austin 1990),
aff'd, 818 S.W.2d 46 (Tex. Crim. App. 1991).

 In its first point of error, the State contends that appellee was lawfully arrested
pursuant to article 14.03(a)(1), which authorizes the warrantless arrest of a person found in a
suspicious place and under circumstances which reasonably show that he has committed a breach
of the peace. Tex. Code Crim. Proc. Ann. art. 14.03(a)(1) (West Supp. 1993). In its second
point of error, the State contends that appellee was lawfully arrested pursuant to article 14.01(b),
which authorizes the warrantless arrest of a person who commits an offense in the officer's
presence. Tex. Code Crim. Proc. Ann. art. 14.01(b) (West 1977). Under this point of error, the
State argues that the arresting officers had probable cause to believe that appellee was committing
the offense of public intoxication in their presence. These contentions were not preserved for
appeal because neither was presented to the county court at law by the State. 

 To preserve a complaint for appellate review, a party must present to the trial court
a timely request, objection, or motion stating the specific grounds for the ruling he desires. Tex.
R. App. P. 52(a). This rule applies to the State when it exercises its limited right to appeal. State
v. Nolan, 808 S.W.2d 556, 559 (Tex. App.--Austin 1991, no pet.). As previously noted, the State
did not refer the trial court to any statutory authority supporting appellee's warrantless arrest. At
most, the State implicitly urged that appellee was lawfully arrested pursuant to article 14.01(b)
for the offense of driving while intoxicated, a contention it does not now make on appeal. (2) This
Court will not reverse the order of the county court at law and uphold the warrantless arrest of appellee on grounds raised for the first time on appeal. 
See State v. Williams, 832 S.W.2d 52 (Tex. Crim. App. 1992). 

 In his argument to the court at the suppression hearing, counsel for appellee
referred to article 14.01 and urged that the arrest should not be upheld as one for public
intoxication. Assuming from this that the county court at law considered and rejected the
contention brought forward by the State in point two, the State has not demonstrated that the court
abused its discretion by doing so. While the testimony of the officers might have supported a
finding that they had probable cause to arrest appellee for public intoxication, the testimony was
not so conclusive as to warrant a holding that the court's contrary finding was an abuse of
discretion.

 The county court at law has not been shown to have abused its discretion by
granting appellee's motion to suppress. The order granting appellee's motion to suppress is
affirmed.


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: September 22, 1993

Do Not Publish
1. The order grants the motion without specifying the evidence to be suppressed. Based on
the testimony at the suppression hearing, the only evidence seized as a result of the arrest was the
videotape and the result of the Intoxilyzer test.
2. The courts have consistently held that article 14.01(b) cannot be invoked in such cases if the
arresting officer did not see the defendant driving. Warrick v. State, 634 S.W.2d 707 (Tex. Crim.
App. 1982); Segura v. State, 826 S.W.2d 178 (Tex. App.--Dallas 1992, pet. ref'd); see Collins
v. State, 795 S.W.2d 777, 779 n.4 (Tex. App.--Austin 1990, no pet.); Livingstone v. State, 728
S.W.2d 144 (Tex. App.--Fort Worth 1987, no pet.).