IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-493-CR





JOE MADISON TUTTLE,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY



NO. 2C93-1683, HONORABLE JOHN BARINA, JUDGE PRESIDING



 





PER CURIAM

 A jury found appellant guilty of driving while intoxicated, first offense. Tex. Rev.
Civ. Stat. Ann. art. 6701l-1 (West Supp. 1994). The county court at law assessed punishment
at incarceration for 180 days and a $1000 fine, but suspended imposition of sentence and placed
appellant on probation.

 On the afternoon of March 25, 1993, Chief William Pitts of the Troy police
department was patrolling the northbound lanes of Interstate 35. Pitts was stopped by a motorist
who reported "that blue car -- older model car that just passed there is driving erratically." Pitts
caught up with the car in question, which was travelling on the freeway at about fifty miles-per-hour. Pitts turned on his emergency lights after watching the vehicle twice weave from shoulder
to shoulder. When Pitts turned on his lights, the car "was over on this shoulder and he decided
to come back across and take the exit all the way across. At this time we had a bunch of cars
behind us because they were stacking up behind us." Other drivers were not attempting to pass
because "[t]hey didn't know what this car was going to do." 

 After exiting the freeway, the blue car travelled approximately one hundred yards
in the left lane of the two-way access road before stopping. Appellant was the driver and only
occupant of the car. When appellant got out of his vehicle, he lost his balance and fell against the
car. Pitts smelled a strong odor of alcoholic beverage on appellant's breath. Appellant's speech
was slurred and he had difficulty removing his wallet from his pocket to retrieve his driver's
license. Pitts was of the opinion that appellant was intoxicated.

 Department of Public Safety trooper Don Adams responded to Pitts's call for
assistance. Adams administered several field sobriety tests which appellant failed. Adams
arrested appellant for driving while intoxicated and transported him to the Bell County jail. A
videotape of appellant taken at the jail was viewed by the jury. 

 Appellant's first point of error is that the court erred by refusing his requested
instruction on illegal seizure. Tex. Code Crim. Proc. Ann. art. 38.23(a) (West Supp. 1994). 
Appellant urges that he was entitled to the instruction because there was a question whether Pitts
was within his territorial jurisdiction when appellant was stopped and, if he was not, whether Pitts
was authorized by article 14.03(d) to arrest appellant outside his jurisdiction. Tex. Code Crim.
Proc. Ann. art. 14.03(d) (West Supp. 1994). (1)

 An instruction pursuant to article 38.23 is required only when there is a disputed
issue of fact, the resolution of which will determine whether evidence was or was not lawfully
seized. Murphy v. State, 640 S.W.2d 297 (Tex. Crim. App. 1982); Jordan v. State, 562 S.W.2d
472 (Tex. Crim. App. 1978). In this cause, it was undisputed that Pitts was not within his
territorial jurisdiction when appellant was stopped. Pitts testified that he called in Adams
"because it was outside my city where I observed him and I needed a D.P.S. officer up there to
take over." When asked by defense counsel if he was outside his jurisdiction, Pitts responded,
"Yes, I was. That's the reason why D.P.S. was called." (2) Because there was no factual dispute,
no article 38.23 instruction was required. (3) 

 Appellant's contention that Pitts's actions were unlawful because he was outside
his territorial jurisdiction is a question of law. That question was not presented to the county
court at law, as appellant did not file a motion to suppress evidence or object to Pitts's testimony. 
Had appellant preserved this contention for appeal, we would hold that Pitts was authorized by
article 14.03(d) to stop appellant outside his jurisdiction because he had probable cause to believe
appellant, by weaving from shoulder to shoulder, was rendering passage on the highway
unreasonably hazardous. Tex. Penal Code Ann. § 42.03 (West 1989). After observing
appellant's physical condition, Pitts also had probable cause to believe appellant was, under the
circumstances, intoxicated to the degree that he was a danger to himself or to others. Tex. Penal
Code Ann. § 42.08 (West 1989 & Supp. 1994). Point of error one is overruled.

 Appellant's second point of error contains three complaints relating to the videotape
of appellant made at the county jail. Appellant first contends the court erred by allowing the jury
to hear him exercise his right to remain silent. See Hardie v. State, 807 S.W.2d 319, 322 (Tex.
Crim. App. 1991); Dumas v. State, 812 S.W.2d 611, 614 (Tex. App.--Dallas 1991, pet. ref'd). 
Appellant did not make this argument below. Tex. R. App. P. 52(a). Moreover, this cause is
distinguishable from Hardie and Dumas in that appellant's statements to Adams, "I've talked as
far as I want to talk," and "I'm not going to answer a damn thing," were not made in response
to the officer advising him of his Fifth Amendment rights. We do not interpret appellant's
remarks as the invocation of his constitutional rights, but as statements of his general
unwillingness to cooperate with the officer. 

 Next, appellant asserts that the audio portion of the videotape should not have been
played for the jury because, referring to the statements quoted above, he exercised his right to
remain silent. As we have previously noted, we do not understand appellant to have invoked his
right to remain silent. In any event, the audio portion of a DWI videotape is admissible, even
after the suspect properly invokes his Fifth Amendment rights, unless the police conduct depicted
on the tape expressly or impliedly calls for a testimonial response not normally incident to arrest
and custody. Jones v. State, 795 S.W.2d 171, 176 (Tex. Crim. App. 1990). Police requests that
the suspect perform sobriety tests and directions on how to perform those tests do not constitute
interrogation within the meaning of the Fifth Amendment. Id. The videotape in this cause does
not depict interrogation, and the admission of the audio portion of the tape did not violate
appellant's right to remain silent.

 Finally, appellant contends the videotape should not have been admitted because
Adams gave him erroneous advice with regard to the consequences of refusing to take a breath
test. Appellant did not object to the admission of the entire videotape on this ground, and thus
failed to preserve this contention for review. Tex. R. App. P. 52(a). Appellant did object to the
admission of evidence that he refused to take the test, and we will construe appellant's point of
error as advancing that contention. Appellant relies on opinions holding that a person's consent
to a breath test is involuntary, and the result of the test must be suppressed, if that consent is
induced by a misstatement of the statutory consequences of a refusal to take the test. Erdman v.
State, 861 S.W.2d 890 (Tex. Crim. App. 1993); State v. Sells, 798 S.W.2d 865 (Tex.
App.--Austin 1990, no pet.).

 Adams told appellant, "You're going to jail if you fail to take the test. If you don't
take the test you're going to jail because I think I have enough to prove D.W.I." For the purpose
of this opinion, we will assume that this was a misstatement of the statutory consequences of a
refusal. After making this statement, however, Adams gave appellant the proper statutory advice. 
Tex. Rev. Civ. Stat. Ann. art. 6701l-5, § 2(b) (West Supp. 1994). This distinguishes this cause
from Erdman and Sells, as does the fact that there is no evidence that appellant relied on Adams's
incorrect statement. Ewerokeh v. State, 835 S.W.2d 796 (Tex. App.--Austin 1992, pet. ref'd). 
Moreover, we fail to understand how appellant's refusal to take the breath test could have been
induced by the officer's overstatement of the consequences of refusal. Finally, appellant waived
any error when he later stated that he had no objection to the admission of State's exhibit seven,
his written refusal to take the breath test. Point of error two is overruled.

 The judgment of conviction is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: June 8, 1994

Do Not Publish 

1.   Article 14.03(d) authorizes a peace officer to make a warrantless arrest outside his
jurisdiction if, in the officer's presence, the person arrested commits a felony or an offense
under chapter 42 of the Penal Code.
2.   According to the State, the evidence shows that Pitts was within his territorial
jurisdiction when he first observed appellant's erratic driving. Pitts made no such claim,
however, and the testimony cited by the State does not support its assertion.
3.   Even if there had been a conflict in the evidence regarding the location of the offense,
appellant's requested instruction would not have served to resolve it. The requested
instruction, which was five pages long, did not mention the facts of this cause and did not ask
the jury to determine whether Pitts was within his territorial jurisdiction when he stopped
appellant.