TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00484-CR







The State of Texas, Appellant



v.



Lucinda Lopez, Appellee







FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY


NO. 406216, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING







 

 The State appeals the trial court's order granting appellee's motion to suppress
evidence of the results of her breath test. In a single point of error, the State contends that the
trial court abused its discretion in holding that there was a lack of voluntary consent to the test,
premised on the lack of proof that the DWI statutory warning was read to appellee. We will
overrule the State's point of error and affirm the trial court's order.

 The decision whether to suppress the results of a breath test is within the trial
court's discretion. See State v. Comeaux, 786 S.W.2d 480, 481 (Tex. App.--Austin 1990), aff'd,
818 S.W.2d 46 (Tex. Crim. App. 1991). In reviewing a trial court's ruling on a motion to
suppress evidence, an appellate court will not reverse that decision absent a clear showing that the
trial court abused its discretion. Id. at 482; see also State v. Sells, 798 S.W.2d 865, 867 (Tex.
App.--Austin 1990, no pet.). Even if the trial court gives the wrong reason for its decision, it will
be sustained on appeal if the decision is correct on any theory of law applicable to the case. 
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

 The relevant facts are undisputed. Officer George Herrera of the Austin Police
Department testified to the events that led to the arrest of appellee for the offense of driving while
intoxicated on November 18, 1993. Appellee was found sitting behind the steering wheel of a car
that had run off a frontage road, through the fence of a private residence, and into a storage shed. 
After observing that appellee was unsteady on her feet, had a strong odor of alcohol on her breath,
bloodshot eyes, and slurred speech, Herrera arrested appellee for DWI and drove her to the police
station. Herrera stated that Austin Police Officer Terry Butler read intoxilyzer warnings to
appellee and that appellee agreed to take the test. Officer Butler, the intoxilyzer operator, testified
that as he began the test, appellee stated, "Okay, I'm drunk. How can I get out tonight?" Butler
stated that he told appellee that he could not discuss that with her. Butler's testimony reflects that
the following occurred at this point:



She [appellee] also asked me, "Why take the test? I'm drunk. This test is just to
confirm that, right?"


I [Butler] told her, "Yes. Go ahead and finish the test, and then we can talk about
getting out of jail."



 Any person who operates a motor vehicle on a public highway is deemed to have
consented to a blood or breath test for the presence of alcohol or intoxicants in his body. Tex.
Rev. Civ. Stat. Ann. art. 6701l-5, § 1 (West Supp. 1995). However, if a person under arrest
refuses upon the request of a peace officer to give a specimen, none shall be taken. Id. § 2(a). 
If a driver's consent is induced by an officer's misstatement of the consequences from a refusal
to take the test, the consent is not voluntary. Sells, 798 S.W.2d at 867.

 In Erdman v. State, 861 S.W.2d 890 (Tex. Crim. App. 1993), the officer obtained
the defendant's consent to take the intoxilyzer test after erroneously advising the defendant that
his refusal would result in his incarceration for the night while passing the intoxilyzer test would
result in his release. Id. at 891. The court concluded that the trial court abused its discretion in
finding that the defendant's consent was voluntary. Id. at 896. In Sells, the testimony showed
that the defendant consented to the breath test after the officer erroneously told the defendant that
if he refused to take the test, he "would automatically be charged and incarcerated." 798 S.W.2d
at 866. The court found that the defendant's consent was induced by the officer's misstatement
and held that the trial court did not abuse its discretion in granting the defendant's motion to
suppress the results of the test. Id. at 867.

 In the instant cause, the State points to the trial court's statement that if there was
"clear evidence" that the statutory warnings (1) "were read to her, and that she was informed of the
consequences of the breath test refusal," it would rule otherwise. The State relies on cases
holding that only in instances concerning a refusal to provide a breath sample has proof of the
DWI statutory warnings been required. See Janak v. State, 826 S.W.2d 803, 805 (Tex.
App.--Texarkana 1992, no pet.); Schaum v. State, 833 S.W.2d 644, 646 (Tex. App.--Dallas 1992,
no pet.).

 As heretofore noted, the reason given by a trial court is of no consequence if its
ruling is correct on any theory of the law applicable to the case. The trial court abuses its
discretion if its ruling is outside the zone of reasonable disagreement. See Montgomery v. State,
810 S.W.2d 372, 391 (Tex. Crim. App. 1990). The trial court in the present case could
reasonably have found that appellee interpreted the officer's assertion that he could not talk to her
about getting out of jail, followed by his statement, "Finish the test and then we can talk about
getting out of jail," to mean, "If you do not take the test, we will not consider the matter of your
getting out of jail." We thus hold that the trial court did not abuse its discretion in granting
appellee's motion to suppress evidence of the breath test. The State's point of error is overruled.

 The trial court's ruling on the motion to suppress is affirmed.



 

 Tom G. Davis, Justice

Before Chief Justice Carroll, Justices Aboussie and Davis*

Affirmed

Filed: April 26, 1995

Do Not Publish



* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   See Tex. Rev. Civ. Stat. Ann. art. 6701l-5, § 2(b) (West Supp. 1995).