Brockman 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00128-CR







Deborah Brockman, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY


NO. 41,687, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING








 Appellant Deborah Brockman appeals her conviction of driving while intoxicated. 
See Tex. Penal Code Ann. § 49.04 (West 1994). (1) Appellant contends that the trial court erred
by refusing to suppress the results of an intoxilyzer breath test because her consent to take the test
was not voluntary. We will affirm the judgment of conviction.

 Prior to her plea of "no contest," appellant sought to suppress the results of an
intoxilyzer test on the ground that she did not give voluntary consent to take the test. According
to evidence adduced at the suppression hearing, Officer Locke of the San Marcos Police
Department read appellant her statutory warnings describing the consequences of refusing to take
the test. See Act of May 27, 1993, 73d Leg., R.S., ch. 790, § 29, 1993 Tex. Gen. Laws 3088,
3101-02, formerly Tex. Rev. Civ. Stats. Ann. art. 6701l-5, § 2, since amended and codified as
section 724.015 of the Texas Transportation Code. (2) After the warnings, appellant was confused
as to whether her license would be taken away if she passed the test. Officer Locke refused to
answer any of appellant's questions, confining his comments to the information contained in the
statutory warning form.

 Appellant next went to the intoxilyzer room. Officer Calabrese, the intoxilyzer
operator, was in the room and had observed appellant performing a sobriety test moments before. 
Appellant's account of what followed differs from that of Officer Calabrese. According to
appellant, Officer Calabrese told her that she "didn't look that bad" in her sobriety test, and
recommended that she take the intoxilyzer test. Appellant testified that Calabrese's
recommendation induced her to take the test.

 Officer Calabrese denied making any of these statements to appellant. According
to his testimony, he told her that she would have to decide on her own whether to take the test. 
He told her that she knew whether she could pass the test based on how much she had to drink. 
He advised her that she should not take the test if she had too much to drink, but never
commented on whether she appeared sober to him. He stated that he never made any promises
of consequences for taking or refusing the intoxilyzer test.

 At the suppression hearing, the trial court determined the State met its burden of
showing that appellant's consent was voluntary. See Erdman v. State, 861 S.W.2d 890, 893 n.2
(Tex. Crim. App. 1993) (State has burden of showing voluntary consent to intoxilyzer). We will
uphold the trial court's decision absent an abuse of discretion. Id. at 893; State v. Sells, 798
S.W.2d 865, 867 (Tex. App.--Austin 1990, no pet.). A trial court abuses its discretion when its
ruling lies outside the zone of reasonable disagreement. Montgomery v. State, 810 S.W.2d 372,
391 (Tex. Crim. App. 1990) (opinion on rehearing). In a suppression hearing, the trial court is
the sole trier of fact and judge of the credibility of witnesses and the weight to be given their
testimony. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). The trial court may
accept or reject all or any part of a witness's testimony. Taylor v. State, 604 S.W.2d 175, 177
(Tex. Crim. App. 1980). On appellate review, the court normally will address only the question
of whether the trial court properly applied the law to the facts. Romero, 800 S.W.2d at 543. We
will sustain the trial court's decision if it is correct on any applicable theory of law. Id.

 Appellant contends that evidence of the intoxilyzer results should have been
suppressed because her consent to take the test was not voluntary. The Court of Criminal Appeals
has held that, under article 6701l-5, section 2, a suspect's consent to a breath test must be
voluntary. Erdman, 861 S.W.2d at 893. To be "voluntary" and consistent with the statutory
scheme, the decision to take the test must not be the result of psychological pressures brought to
bear by the State. Id. 

 In Erdman, the defendant was warned that if he refused to take the intoxilyzer test
he would be jailed and charged with driving while intoxicated. The court held that this
information, which was not part of the statutory warnings, "was of the type that would normally
result in considerable psychological pressure" to consent to the breath test. Id. at 894. Because
the State failed to show that the defendant's consent was not based on this psychological coercion,
the court ruled that the consent was not voluntary. Id.; see also Sells, 798 S.W.2d at 867 (if
driver's consent is induced by officer's misstatement of consequences flowing from refusal to take
test, consent is not voluntary). 

 Appellant contends that her consent was not voluntary because it was based on
Officer Calabrese's communication of non-statutory information. Appellant acknowledges that
Erdman addressed only the communication of consequences for refusing to take the test, but
argues that Erdman should be extended to any situation in which officers convey non-statutory
information to a suspect. We disagree. The holding in Erdman is premised on the recognition
that an act brought about by psychological coercion is not voluntary. Erdman, 861 S.W.2d at
893. We therefore ask whether the trial court abused its discretion in concluding that Officer
Calabrese's remarks did not have a coercive effect on appellant.

 The trial court was entitled to believe Officer Calabrese's rendition of the events
preceding appellant's consent. Romero, 800 S.W.2d at 543. According to Officer Calabrese, he
told appellant that she should base her decision on how much she had to drink. Unlike the
situation in Erdman and Sells, the officer did not communicate that any particular course of action
would have potentially better or worse consequences. Nor did Officer Calabrese mislead appellant
with his remarks. At most, Officer Calabrese's comments informed appellant that the more
alcohol she consumed, the more likely the intoxilyzer results would show legal intoxication.

 The trial court concluded that Officer Calabrese's statements did not have a
coercive effect on appellant's consent to take the intoxilyzer test. We do not believe the trial court
abused its discretion in so concluding. Accordingly, we overrule appellant's point of error and
affirm the judgment of conviction.

 


 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: February 14, 1996

Do Not Publish 

1.   This offense took place in June 1994, and is governed by the law in effect at that time. 
Penal Code, 73d Leg., R.S., ch. 900, § 1.18, 1993 Tex. Gen. Laws 3586, 3705. Because the
re-codification of the law has no substantive effect on this offense, the current code is cited for
the sake of convenience.
2.   Under this statute, the officer was required to warn appellant that the law provides for an
automatic ninety-day license suspension following a hearing if a person refuses to take the test. 
Id. 


te, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). The trial court may
accept or reject all or any part of a witness's testimony. Taylor v. State, 604 S.W.2d 175, 177
(Tex. Crim. App. 1980). On appellate review, the court normally will address only the question
of whether the trial court properly applied the law to the facts. Romero, 800 S.W.2d at 543. We
will sustain the trial court's decision if it is correct on any applicable theory of law. Id.

 Appellant contends that evidence of the intoxilyzer results should have been
suppressed because her consent to take the test was not voluntary. The Court of Criminal Appeals
has held that, under article 6701l-5, section 2, a suspect's consent to a breath test must be
voluntary. Erdman, 861 S.W.2d at 893. To be "voluntary" and consistent with the statutory
scheme, the decision to take the test must not be the result of psychological pressures brought to
bear by the State. Id. 

 In Erdman, the defendant was warned that if he refused to take the intoxilyzer test
he would be jailed and charged with driving while intoxicated. The court held that this
information, which was not part of the statutory warnings, "was of the type that would normally
result in considerable psychological pressure" to consent to the breath test. Id. at 894. Because
the State failed to show that the defendant's consent was not based on this psychological coercion,
the court ruled that the consent was not voluntary. Id.; see also Sells, 798 S.W.2d at 867 (if
driver's consent is induced by officer's misstatement of consequences flowing from refusal to take
test, consent is not voluntary). 

 Appellant contends that her consent was not voluntary because it was based on
Officer Calabrese's communication of non-statutory information. Appellant acknowledges that
Erdman addressed only the communication of consequences for refusing to take the test, but
argues that Erdman should be extended to any situation in which officers convey non-statutory
information to a suspect. We disagree. The holding in Erdman is premised on the recognition
that an act brought about by psychological coercion is not voluntary. Erdman, 861 S.W.2d at
893. We therefore ask whether the trial court abused its discretion in concluding that Officer
Calabrese's remarks did not have a coercive effect on appellant.

 The trial court was entitled to believe Officer Calabrese's rendition of the events
preceding appellant's consent. Romero, 800 S.W.2d at 543. According to Officer Calabrese, he
told appellant that she should base her decision on how much she had to drink. Unlike the
situation in Erdman and Sells, the officer did not communicate that any particular course of action
would have potentially better or worse consequences. Nor did Officer Calabrese mislead appellant
with his remarks. At most, Officer Calabrese's comments informed appellant that the more
alcohol she consumed, the more likely the intoxilyzer results would show legal intoxication.

 The trial court concluded that Officer Calabrese's statements did not have a
coercive effect on appellant's consent to take the intoxilyzer test. We do not believe the trial court
abused its discretion in so concluding. Accordingly, we overrule appellant's point of error and
affirm the judgment of conviction.

 


 Bea Ann Smith, Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Affirmed

Filed: February 14, 1996

Do Not Publish 

1.   This offense took place in June 1994, and is governed by the law in effect at that time. 
Penal Code, 73d Leg., R.S., ch. 900, § 1.18, 1993 Tex. Gen. Laws 3586, 3705. Because the
re-codification of the law has no substantive effect on this offense, the current code is cited for
the sake of convenience.
2.   Under this statute, the officer was required to warn appellant that the law provides for an
automatic ninety-day license suspension following a hearing if a person refuses to take the tes