**Deshun D. THOMAS, Appellant,**

v.

**The STATE of Texas.**

**No. 755–01.**

Court of Criminal Appeals of Texas.

Oct. 31, 2001.

Ken J. McLean, Houston, for appellant.

Kelly Ann Smith, Asst. DA, Houston, Matthew Paul, State's Atty., Austin, for the State.

KELLER, P.J., delivered a dissenting opinion in which COCHRAN, J., joined.

**DISSENTING OPINION TO REFUSAL TO GRANT STATE'S PETITION FOR DISCRETIONARY REVIEW**

KELLER, Presiding Judge dissenting.

I would grant the State's second ground for review: "Is the trial court required to give a jury instruction applying the law with respect to Article 38.23 to the specific evidentiary facts of the case?" Although this Court has in the past stated that a defendant was entitled to a requested instruction on a particular legal issue such as voluntariness of a confession or the validity of a search seizure, those cases involved the failure to give *any* Article 38.23 instruction.[1] We have never confronted a situation in which an instruction tracking the language of Article 38.23 was given but the defendant complained that trial court erred in failing to submit instructions concerning a specific legal or constitutional theory for excluding the evidence. In *dicta,* a plurality opinion from this Court has held that the jury charge must contain an application paragraph for any Article 38.23

1. *See Stone v. State,* 703 S.W.2d 652, 655 (Tex.Crim.App.1986); *Hall v. State,* 649 S.W.2d 627, 628 (Tex.Crim.App.1983); *Jordan v. State,* 562 S.W.2d 472, 474 (Tex.Crim. App.1978).

issue raised by the evidence,[2] but a majority of this Court has never held that such is required. We should grant review to decide whether the trial court is required to submit instructions beyond those tracking the language of the statute when an Article 38.23 issue is raised, and if so, the extent of any additional requirements.

2. *Hutch v. State,* 922 S.W.2d 166, 172–173 (Tex.Crim.App.1996) (plurality opinion).