NUMBER
13-00-331-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                        CORPUS CHRISTI-EDINBURG

 

JOSE DANIEL PENA JR.,                                                               
 Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

 

                        On appeal from the
332nd District Court   

                                  of Hidalgo County, Texas.

 

                                      OPINION

 

       Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

                                                    

Opinion by Chief
Justice Rogelio Valdez








Appellant, Jose
Daniel Pena, Jr., was found guilty by a jury of capital murder and attempted
capital murder.  The trial court
sentenced appellant to serve a term of life for capital murder, and a
concurrent term of fourteen years for attempted capital murder.  Appellant argues three issues: (1) the trial
court erred in denying appellant=s motion to suppress; (2) the trial court erred in denying
appellant=s requested
jury instruction; and (3) appellant=s conviction should be reversed because the State presented
factually insufficient evidence to prove appellant=s guilt under the law of parties.  We affirm.

Facts

On June 29,
1998, appellant and Valentine Rodriguez (Valentine) stopped at a convenience
store to buy gas and beer.  At the store,
appellant noticed a car drive up with three men inside, one of whom he
recognized as having beaten up his brother. 
One of the three men in the car, recognized appellant, and pointed a
pistol at appellant and Valentine as they were getting in the car.  When the appellant and Valentine attempted to
drive away the men=s car struck their car.  Valentine
grabbed a weapon, got out of his vehicle, and began shooting at the other car
until he had emptied his weapon.  The
shooting left two individuals from the other car dead and one critically
wounded. 

At trial, the
trial court heard appellant=s motion to suppress outside the presence of the jury.  The only person who testified at the
suppression hearing was Investigator Noe Canales, an
Hidalgo County criminal investigator who had been assigned to this particular
capital murder case.  He testified as to
statements made by appellant concerning his involvement in the shootings.  After the officer=s testimony, the following colloquy ensued.

          THE
COURT:          . . .
I tend to feel - - the Motion to Suppress will be denied, Counsel.

 

MR. GARZA:[1]         Yes, Your Honor.








THE COURT:          The
statement will come in.

MR. CAVADA:       We will
object for the record.

THE
COURT:          Yes, the objection is well
taken.

Anything else
to be taken up outside the presence of the jury?

 

After the motion was denied, there were no
requests for findings of facts or conclusions of law.

Motion to
Suppress

 Appellant contends the trial court erred in
overruling his motion to suppress because there was neither probable cause nor
exigent circumstance to support his warrantless arrest.  The State argues the warrantless arrest was
justified because there was probable cause and exigent circumstances.








A motion to
suppress is reviewed by an abuse of discretion standard.  Cerda v. State, 10 S.W.3d 748, 751
(Tex. App.BCorpus Christi 2000, no pet.) (citing State
v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999)).  The trial judge Ais the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony.@  Ballard,
987 S.W.2d at 891 (Tex. Crim. App. 1999).  Accordingly, the judge may believe or
disbelieve all or any part of a witness=s testimony, even if that testimony is not controverted.  See State v. Ross,
32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  Furthermore, when the trial court fails to
file findings of fact, we view the evidence in the light most favorable to the
trial court=s ruling and
assume that the trial court made implicit findings of fact that support its
ruling as long as those findings are supported by the record.  Carmouche v. State,
10 S.W.3d 323, 328 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d
85, 89 (Tex. Crim. App. 1997).  If
the trial judge=s decision is correct on any theory of law applicable to the
case, the decision will be sustained.  Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).  

The State
argues the arrest occurred only after Officer Canales heard appellant=s statement.  They claim
that the testimony and other evidence in the case gave him probable cause to
arrest appellant.  After hearing the
statement, the officer arrested appellant without a warrant because he believed
appellant to be a flight risk due to the fact that the car used in the
commission of the murders was recovered in Mexico.  During the motion to suppress, the record
reveals that when police authorities picked appellant up at his house, they
handcuffed him before they brought him to the police station.  At the police station, he was given his
Miranda warnings and he gave his statement regarding his involvement in the
murder at the police station.  

A person is Aseized@ for constitutional purposes when, in view of all the
circumstances, a reasonable person would believe that he or she is not free to
leave.  United States v. Mendenhall,
446 U.S. 544, 554 (1980); State v. Williams, 814 S.W.2d 256, 259 (Tex.
App.BAustin 1991), aff=d, 832 S.W.2d 52
(Tex. Crim. App. 1992).  An Aarrest@ occurs at the moment a person=s liberty of movement is restricted or restrained.  Tex. Code Crim. Proc. Ann. art.
15.22 (Vernon Supp. 2002); Hoag v. State, 728 S.W.2d 375,
379 (Tex. Crim. App. 1987); Bell v. State, 845 S.W.2d 454, 459 (Tex. App.BAustin 1993, no
pet.).  The officer=s opinion that
an arrest has or has not occurred is a factor to be considered, but is not
determinative.  Hoag, 728 S.W.2d at 378-79.








Appellant argues that the trial court erred in denying the
motion to suppress his statement because it was the product of an illegal
search and seizure.  He first argues that
evidence produced at trial showed that he was arrested without a warrant and
without probable cause.  Appellant
specifically points to testimony showing that he was Ahandcuffed@ and Adetained@ before he gave
his statement.  He further argues that no
exception to the warrant requirement was applicable in this situation and as
such his arrest was unreasonable.

This Court holds, that even if appellant=s
statement was the result of an unreasonable search and seizure, the taint from
this alleged illegal search was sufficiently attenuated and as such the
evidence is admissible.  See Dowthitt
v. State, 931 S.W.2d 244, 261 (Tex. Crim. App.
1996). 

Texas applies the four-factor attenuation test found in Brown
v. Illinois, 422 U.S. 590, 603-04 (1975): 
A(1) whether
Miranda warnings were given, (2) the temporal proximity of the arrest and the
confession, (3) the presence of intervening circumstances, and (4) the purpose
and flagrancy of the official.@ Dowthitt,
931 S.W.2d at 261.

Miranda warnings by themselves cannot attenuate the taint, but
they are an important factor in determining whether the defendant gave the
confession in response to the officers exploiting an illegal arrest.  See Maixner v. State, 753 S.W.2d 151, 156 (Tex. Crim. App. 1988).  In this case, appellant was given his Miranda
warnings twice, and made a valid waiver of them before the officer took his
statement.  








As for temporal proximity between the arrest and confession,
the record establishes appellant was taken to the police station around 12:00
p.m. and his statement was taken at approximately 2:41 p.m.  As such, there appears to be close temporal
proximity between the time of the arrest and the time of the statement.  See Wilkins v. State, 960 S.W.2d 429,
432 (Tex. App.BEastland 1998,
pet. ref=d) (holding
three hours was close temporal proximity between time of arrest and time of
statement).  Although it has been held
that the shorter the time the more likely the taint of the illegal detention
has not been purged, we note that temporal proximity has been held to be a more
ambiguous factor than the others and, as such, does not carry as much weight as
the giving of Miranda warnings.  Maixner,
753 S.W.2d at 156. 
Recognizing the minimal importance placed in this second factor, we
continue our analysis with an examination into the remaining factors. See
id.

In considering the third factor, we examine the record for any
intervening circumstances that may have occurred between appellant=s illegal
arrest and the taking of his statement.  Wilkins,
960 S.W.2d at 432. 
Intervening circumstances are events such as taking the defendant before
a magistrate, obtaining an arrest warrant, or releasing the defendant from
custody.  Id.

Here, the record gives no indication that any intervening
events occurred before appellant gave his statement.  Therefore, this factor does not weigh in our
attenuation analysis.  

Both the United States Supreme Court and the Texas Court of
Criminal Appeals have emphasized the importance of the fourth factor, the
purpose and flagrancy of the official misconduct.  See Brown, 422 U.S. at 603-04.  The clearest indication of attenuation should
be required where police conduct is flagrantly abusive.  Bell v. State, 724
S.W.2d 780, 789 (Tex. Crim. App. 1986).

Here, the officers were investigating a lead in the case and
asked appellant if he would answer some questions.  At the station he was given his Miranda
rights on two occasions before giving his statement to the police.  He subsequently waived those Miranda rights
and the record indicates no coercion involved in that waiver.  








The purpose of the inquiry into the four factors is to
determine whether there was a causal connection between the arrest and the
giving of the statement.  See Wilkins,
960 S.W.2d at 433. 
After reviewing all four factors, we find there was no causal connection
between the two.  

We conclude the arrest was sufficiently attenuated from appellant=s confession to
purge any taint of illegality.  The judge=s decision to
deny the motion to suppress is based on a legal theory, attenuation of the
violation.  Romero, 800 S.W.2d at
543 (holding that if the trial judge=s decision is
correct on any theory of law applicable to the case, the decision will be
sustained).  Accordingly, we find the
trial court did not err in denying appellant=s motion to suppress his confession.

Appellant=s first issue
is overruled.

Jury Instructions

Pena contends in his second issue that the trial court erred in
denying his requested jury instruction on illegal arrest based on article 38.23
of the code of criminal procedure.  That
article provides no evidence obtained by an officer or other person in
violation of the constitution shall be admitted in evidence, and in any case
where the evidence raises an issue on that question, the jury shall be
instructed that if it believes or has a reasonable doubt that the evidence was
obtained in violation of the article the jury shall disregard that
evidence.  Tex. Code Crim. Proc. Ann. art 38.23 (Vernon Supp. 2002).








When we review alleged charge error, we determine:  (1) whether error actually exists in the
charge; and (2) whether any resulting harm requires reversal.  Castaneda v. State, 28 S.W.3d 685, 694
(Tex. App.BCorpus Christi
2000, no pet.)  Under Almanza, if
appellant can show that the omission to which he timely objected at trial was
erroneous, he is entitled to a reversal only if the error was harmful.  Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1984). 
Furthermore, the Aharmless error
rule of article 36.19 applies to the appellate review of errors predicated upon
a disregard of the article 38.23 requirement of a jury instruction concerning
evidence allegedly obtained in violation of the law.@  Atkinson v. State,
923 S.W.2d 21, 27 (Tex. Crim. App. 1996).  An appellant who seeks reversal on the basis
of error in the charge must first demonstrate that error exists in the charge,
and then show that the error was calculated to injure his rights or caused the
denial of a fair and impartial trial.  Tex. Code Crim. Proc. Ann. art. 36.19
(Vernon Supp. 2002).  

Upon review of appellant=s brief we find
appellant failed to satisfy the second part of that standard.  The entire analysis focuses on the first
part, alleged trial court error, but fails to mention how appellant was harmed
by the denial of the jury charge. 
Because he has failed to show the resulting harm from the alleged trial
court error, appellant has failed to meet his burden.  Abdnor v. State, 871 S.W.2d 726, 732
(Tex. Crim. App. 1994); Otting v. State, 8 S.W.3d 681, 689 (Tex. App.BAustin 1999,
pet. ref=d, untimely
filed) (AEven though a
defendant preserves error by timely objection or requested instructions . . .
the burden of proof lies with the defendant to persuade the reviewing court
that he suffered some actual harm as a consequence of the instruction error; if
he does not sustain his burden, the error will not result in the reversal of
the conviction.@).

Appellant=s second issue
is therefore overruled.

Factual Sufficiency

By his third issue on appeal, appellant contends the evidence
is factually insufficient to support his conviction under the law of
parties.  








When we review a factual sufficiency of the evidence point of
error, we review the evidence in support of and contrary to the trier of fact=s findings to
determine whether the evidence is so weak that it renders the verdict clearly
wrong and manifestly unjust or the verdict is contrary to the evidence.  Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000). 
We consider all the evidence in the record related to appellant=s sufficiency
challenge, comparing the weight of the evidence that tends to prove guilt with
the evidence that tends to disprove it.  Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App.
1997).  However, we are not free
to reweigh the evidence and set aside a jury verdict merely because we believe
that a different result is more reasonable. 
Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997); Clewis v. State, 922 S.W.2d 126, 135 (Tex. Crim. App. 1996).  Only if the verdict is against the great
weight of the evidence presented at trial so as to be clearly wrong and unjust,
will we reverse the verdict and remand for a new trial.  Clewis, 922 S.W.2d
at 133-34; Rosillo v. State, 953 S.W.2d 808, 813 (Tex. App. B
Corpus Christi 1997, pet. ref=d).









Evidence is sufficient to support a conviction under the law of
parties where the actor is physically present at the commission of the offense,
and encourages the commission of the offense either by words or other
agreement.  See Burdine v. State, 719 S.W.2d 309, 315 (Tex. Crim. App. 1986).  The court  may examine the events occurring
before, during, and after the commission of the offense, and may rely on the
actions of the defendant which demonstrate an understanding and common design
to commit the offense.  Navarro v.
State, 776 S.W.2d 710, 711 (Tex. App.BCorpus Christi
1989, pet ref'd.).  Moreover,
participation in an enterprise may be inferred from the circumstances and need
not be shown by direct evidence. 
Rosillo, 953 S.W.2d at 814 (citing Beardsley v. State, 738
S.W.2d 681, 684 (Tex. Crim. App. 1987)). 
Therefore, circumstantial evidence may be sufficient to show that one is
a party to the offense.  Id.

A review of the evidence demonstrates that one could reasonably
infer that there was sufficient evidence to prove that appellant was involved
in the shootings, if not as the primary actor, as a party to the shooting.  First, appellant admits in his statement that
he was present during the shooting. 
Second, appellant wrote in his statement that the men killed Awere the guys
who had beat up my brother.@  Third, appellant=s statement
reveals that Valentine, the other person in the car with appellant, was the
driver.  This admission along with
eyewitness testimony that the shooter was on the passenger side would allow the
jury to reasonably infer that appellant fired the shots at the occupants of the
other vehicle. 

If, however, the jury believed appellant=s claim that
Valentine was the actual shooter, we note that a jury could infer that
appellant was a party to a crime based on evidence of appellant=s actions after
the crime had been committed tending to show appellant agreed fully with the
crime.  See Sarver v. State, 24
S.W.3d 448, 452 (Tex. App.BTexarkana 2000,
pet. ref=d).  Appellant=s statement introduced at trial shows that
after the shooting he went with Valentine to Valentine=s
apartment.  While there, Valentine hid
the murder weapon in his apartment. 
Then, appellant and Valentine left the apartment and picked up appellant=s brother.  The three men went to a canal and sat there
drinking beer.

Upon examination of this evidence, we hold that this evidence
would allow  a
reasonable juror to believe that appellant=s actions after
the shootings constituted evidence that he was a party to the murder.  See Burdine, 719 S.W.2d
at 315.  

Appellant=s third and
final issue presented for appeal is overruled.








We affirm the judgment of the trial court.

 

 

                                      

ROGELIO
VALDEZ

Chief
Justice

 

Do not publish.

Tex. R. App. P.
47.2(b).

 

Opinion
delivered and filed

this 9th day of
January, 2003.

 

 

 

 

 

 

 

 

 

 

 

 

 

 











[1]Both
Rogelio Garza and Abel Cavada served as attorneys for the defendant.