**Leo SHEFFIELD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0132–CR.**

Court of Appeals of Texas,
Tyler.

June 10, 1982.

Harry R. Heard, Longview, for appellant.

Kent Phillips, Asst. Dist. Atty., Robert R. Foster, Dist. Atty., Longview, for appellee.

McKAY, Justice.

This is an appeal from a conviction for delivery of a controlled substance, to-wit: phenmetrazine. The jury sentenced appellant to ten years in the Texas Department of Corrections.

■ Appellant brings four grounds of error. We note that the Court of Criminal Appeals has already passed on some of the same grounds in a revocation of probation proceeding involving the same offense. *See Sheffield v. State*, 623 S.W.2d 403 (Tex.Cr. App.1981). Although a revocation of probation proceeding is considered administrative in nature, *Cross v. State*, 586 S.W.2d 478, 481 (Tex.Cr.App.1979), and the burden of proof is less in a revocation proceeding than in a criminal proceeding, *Kulhanek v. State*, 587 S.W.2d 424, 426 (Tex.Cr.App.1979), similar questions of law decided by the Court of Criminal Appeals in the prior *Sheffield* case are binding on this court.

Appellant's first ground of error contends the trial court erred in not granting appellant's objection to the indictment. Appellant argues that the indictment failed to allege certain language as required by statute. The indictment stated, in part, that Sheffield "did then and there intentionally and knowingly deliver to Marco Delgado a controlled substance, namely, phenmetrazine, by constructively transferring the same to the said Marco Delgado."

Art. 4476–15, § 4.02(d) of the Controlled Substances Act (Vernon Supp.1979), under which appellant was charged, sets out the drugs within penalty group three. Subsection 1 of penalty group three states:

Any material, compound, mixture or preparation which contains any quantity of the following substances having a po-tential for abuse associated with a stimulant effect on the central nervous system:
... (D) Phenmetrazine and its salts.

■ Appellant contends that under § 4.02(d) 1(D) the State is required to prove that the *quantity* of phenmetrazine contained in the pills sold by appellant contains "a potential for abuse associated with a stimulant effect on the central nervous system." In other words, he urges that the phrase beginning "having a potential for abuse" modifies "quantity," not "substances." This identical contention was rejected by the Court of Criminal Appeals in the first *Sheffield* case. The court held that "having a potential for abuse" modified "substances" rather than "quantity," and therefore, it was unnecessary for the State to prove the amount or the effect of the phenmetrazine contained in the pill. *Sheffield*, 623 S.W.2d at 406. Appellant's first ground of error is overruled.

■ Appellant's second ground of error contends that there was insufficient evidence to support his conviction because art. 44.76–15 § 1.02(8) requires corroboration of a witness in order to prove delivery of a controlled substance. We cannot agree. The article in question states:

"Deliver" or "delivery" means the actual or constructive transfer from one person to another of a controlled substance, whether or not there is an agency relationship. For purposes of this Act, it also includes an offer to sell a controlled substance. Proof of an offer to sell must be corroborated by a person other than the offeree or by evidence other than a statement of the offeree.

We cannot agree with appellant's construction of the statute. In the instant case the State alleged that appellant constructively delivered a controlled substance. Corroboration is required only when the State alleges an "offer to sell" a controlled substance. No corroboration is required to prove delivery in the form of a constructive transfer. *Sheffield*, 623 S.W.2d at 405.

Appellant's third ground of error contends the court erred in not requiring the

State to show an "affirmative link" between appellant and the controlled substance. There is nothing in the record indicating appellant ever requested such an instruction nor has appellant cited any authority that the court must so instruct the State. Appellant's ground of error thus presents nothing for review.

■ In any event, we believe there is sufficient evidence to link appellant with the controlled substance. Martha Coleman, a witness for the State, testified that she requested four preludin pills from appellant. Appellant agreed to meet Coleman at appellant's place of business. At a prearranged time, Coleman, accompanied by Marco Delgado, an undercover officer, met with appellant. Coleman again requested four preludin pills from appellant. Appellant walked into his place of business and returned momentarily. Appellant then handed something to an employee who, with the same hand, handed Coleman four preludin pills. We believe this evidence is sufficient to establish an affirmative link between appellant and the controlled substance. Appellant's third ground of error is overruled.

Appellant's last ground of error contends the trial court erred in allowing the alleged narcotics to be admitted into evidence. Appellant argues the pills were inadmissible because the narcotics officer had tainted the evidence by commingling it with other narcotics. The testimony at trial established that after appellant's employee handed Coleman the four pills, Coleman immediately handed them to Delgado. Delgado stated he then put the four pills in his front shirt pocket. Delgado already had four identical pills in his shirt pocket from a prior alleged transaction with appellant. Thus, the two groups of pills became commingled. Delgado testified at trial that he could not tell which pills came from which transaction with appellant.

■ It is appellant's position that the narcotics should not have been admitted into evidence since it could not be determined which pills were the ones appellant was charged with delivering. We do not

agree. A chemist for the State testified that he tested five of the pills and that all contained phenmetrazine. It follows that at least one of the pills delivered by appellant at the time in question contained the controlled substance. Therefore, while we do not encourage the practice of commingling evidence, we do not believe that in the instant case it was harmful. Appellant's last ground of error is overruled.

The judgment of the trial court is affirmed.