Alonzo Benjamin WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–91–00859–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 30, 1992.

Will Outlaw, Houston, for appellant.

Ernest Davila, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Alonzo Benjamin Williams appeals his judgment of conviction for the offense of delivery of a controlled substance, namely cocaine, weighing by aggregate weight, including any adulterants and dilutants, less than 28 grams. TEX. HEALTH & SAFETY CODE ANN. § 481.102(3)(D) and § 481.112(a), (b) (Vernon Supp.1992). The jury rejected appellant's not guilty plea and found him guilty as alleged in the indictment. The Court after, finding the two enhancement paragraphs of the indictment to be true, assessed punishment at twenty five (25) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

The relevant facts are as follows: On April 23, 1991, R.L. Bledsoe was working as an undercover Houston police officer. An arrest team, consisting of uniformed officers, was in the area monitoring his activity. On that day, he went to the Knoxwood motel where he saw Angelique Williams in the parking lot. Williams approached Officer Bledsoe's car and he asked her: "Who has the dimes?" The Officer explained that "dimes" was accepted street language for ten-dollars worth of crack cocaine.

Williams got into the Officer's car and they rode to a nearby house where they saw appellant and another man standing in the driveway. After speaking with Williams, appellant asked Officer Bledsoe for the money. The Officer then handed appellant a marked ten-dollar bill. Officer Bledsoe testified that he had recorded the serial number of the ten-dollar bill so that he would be able to later identify the bill. Appellant then told the other man to give Bledsoe a ten-dollar rock of crack cocaine. After the man handed Bledsoe the rock, Bledsoe and Williams rode back to the motel where the Officer gave his fellow officers the predetermined "bust signal."

The arrest team moved in and arrested Williams. Bledsoe then gave the uniformed officers a description of appellant and the other man at the house. Bledsoe pointed out the house to the arrest team and appellant and the other man were arrested. Upon the search of appellant's person, the officers found the marked ten-dollar bill, i.e. the bill that Officer Bledsoe had given appellant in exchange for the crack cocaine. The seized substance was later verified to be 174.1 mgs. of cocaine, 90.3% pure.

■ Appellant asserts in his first point of error that the evidence was insufficient to sustain his conviction for delivery of a controlled substance. Appellant contends that the evidence presented was insufficient because the testimony of Officer Bledsoe, an undercover policeman, was not corroborated. Appellant is wrong. An undercover officer is not an accomplice, so long as he does not bring about the crime but merely obtains evidence to be used against those engaged in the crime. *Ramos v. State*, 632 S.W.2d 688, 690 ((Tex. App.—Amarillo 1982, no pet.), *citing, Lopez v. State*, 574 S.W.2d 563, 565 ((Tex. Crim.App.1978). Similar to the undercover agents in *Ramos* and *Lopez*, Officer Bledsoe did not bring about the delivery of the crack cocaine. He merely took the cocaine from appellant in exchange for a marked ten-dollar bill. Consequently, he could not be prosecuted for the charged offense and thus, he was not an accomplice witness.

*Id.* Because Officer Bledsoe was not an accomplice witness, his testimony was not required to be corroborated. Appellant's first point of error is overruled.

■ In his second point of error, appellant contends the trial court erred in denying his motion to require the State to elect under which theory of delivery it would proceed. Appellant contends that the State should have been required to elect which of the three alleged methods of delivery of a controlled substance to submit to the jury. The State may plead all three forms of delivery and it may not be forced to elect a particular method on which to prosecute. *State v. Garrett*, 798 S.W.2d 311, 314 (Tex.App.—Houston [1st Dist.] 1990), affirmed, 824 S.W.2d 181 (Tex.Crim. App.1992). Each of the methods may be submitted alternatively in the jury charge. *Zanghetti v. State*, 618 S.W.2d 383, 386–87 (Tex.Crim.App.1981); *Atuesta v. State*, 788 S.W.2d 382 (Tex.App.—Houston [1st Dist.] 1990, pet. ref'd). Where a general verdict is returned and the evidence is sufficient to support a finding under any of the alternative methods submitted, no error is shown. *Atuesta, supra*, at 385; *Bailey v. State*, 532 S.W.2d 316, 323 (Tex.Crim.App.1975).

Appellant also claims that the evidence was not sufficient to support any of the delivery of cocaine allegations because Officer Bledsoe's testimony regarding "dimes" was "not a definite but arbitrary and unmeasurable quantity". However, Bledsoe explained that "dime" was street language for ten-dollar's worth of crack cocaine. Appellant gave Bledsoe a rock of crack cocaine for ten dollars. Thus, the reference to "dimes" was clearly explained and understood.

■ Appellant also contends that the allegation of offer to sell, as a method of delivery of a controlled substance, was not corroborated as required. However, as appellant concedes, in *Garber v. State*, 671 S.W.2d 94, 98 (Tex.App.—El Paso 1984, no pet.), the controlled substance itself offers the appropriate corroboration. *See also Douglas v. State*, 688 S.W.2d 687, 688 (Tex. App.—Texarkana 1985, pet. ref'd). In the instant case, the drug itself was admitted

into evidence. Appellant second point of error is overruled.

 In appellant's third point of error, he alleges that the Court erred in failing to require the State to show an "affirmative link" between appellant and the controlled substance. Appellant objected to the introduction of State Exhibit No. 2, which was the controlled substance purchased by Officer Bledsoe from appellant in this case. The objection was based on the ground that there had been no affirmative link between the appellant and the cocaine. Appellant's objection was overruled.

Appellant contends that the evidence presented was insufficient to affirmatively link him to the cocaine. The record shows that after appellant spoke with Angelique Williams, he asked Officer Bledsoe for the money and the Officer handed appellant a marked ten-dollar bill. Appellant then told the other man with him to give Bledsoe a ten-dollar rock of crack cocaine. Appellant concedes that the situation in *Sheffield v. State*, 635 S.W.2d 862 (Tex.App.—Tyler 1982, no pet.) provides similar facts which were sufficient to affirmatively link the defendant to the controlled substance. There, the defendant handed the drug to an employee who handed it to another person who then handed it to an undercover police officer. *Id.* at 863. Appellant attempts to distinguish that case by again arguing that there was nothing to corroborate Officer Bledsoe's testimony. Again, corroboration was not required, but the State did provide corroboration by having the drug itself admitted into evidence. We find that evidence was sufficient to affirmatively link appellant to the crack cocaine. Appellant's third point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.