TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00753-CR







Felix Ruben Escobedo, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY


NO. 404-904, HONORABLE DAVID CRAIN, JUDGE PRESIDING







 This is an appeal from a conviction for driving while intoxicated. After the jury
found appellant guilty, the trial court assessed punishment at confinement in the county jail for
180 days and a fine of $2000. The imposition of the sentence was suspended and appellant was
placed on "probation" subject to certain conditions.

 In a sole point of error, appellant contends that the trial court erred by refusing to
suppress the results of the breath test.



FACTS--SUPPRESSION HEARING


 Austin Police Officer Christian Shawn Harkin was the only witness at the
suppression hearing. About 1:30 a.m. on Halloween night 1993, Harkin observed a blue pickup
truck twice cross the double yellow lines on Koenig Lane, the second time narrowly missing a
vehicle proceeding in the opposite direction. The officer decided to stop the truck because of the
traffic violations and his suspicion that the driver might be intoxicated.

 After the stop this suspicion was confirmed. Appellant was the driver of the truck
and was dressed in a Halloween costume. He had a strong odor of alcoholic beverages about his
person, his eyes were bloodshot, and his physical coordination was poor. Appellant failed all
three field sobriety tests that he was asked to perform. He cried during the encounter. Officer
Harkin, a seven-year veteran, concluded that appellant was "intoxicated and did not have the
normal use of his mental and physical faculties because of alcohol consumption." Appellant was
arrested for driving while intoxicated, handcuffed, placed in a patrol car, and taken to the police
station. There, Harkin administered an intoxilyzer test after appellant had been given the DIC-24
(D.W.I.) warning and agreed to give a breath test.



CONTENTION


 Appellant contends that Officer Harkin's warnings about the consequences of a
refusal to take a breath test exceeded the two specific consequences of the statute, invalidating the
results of the tests. Article 6701l-5 of the Texas Revised Civil Statutes in effect at the time
provides in pertinent part:



Sec. 2(b) Before requesting a person to give a specimen, the officer shall inform
the person orally and in writing that if the person refuses to give the specimen, that
refusal may be admissible in a subsequent prosecution, and that the person's
license, permit, or privilege to operate a motor vehicle will be automatically
suspended for 90 days . . .



 The evidence at the suppression hearing concerning the warnings given was not
developed as well as it might have been. Officer Harkin, who was called by appellant, was not,
as the State concedes, the best possible witness. There was some conflict in this sole witness's
testimony. Harkin related that at the main police station he gave the statutory D.W.I. warnings
to appellant and that appellant agreed to take the breath test. There was no showing that appellant
had previously refused the test or that at that particular time Officer Harkin had given him
warnings of additional consequences if appellant refused to take the breath test. Officer Harkin
stated that he never made any promises to appellant and that, under any circumstances, appellant
was going to jail.

 At first, Harkin denied there was any conversation between him and appellant
concerning the breath test while enroute to the police station. Relenting, Harkin agreed there was
a conversation and described his normal procedure upon the arrest of a suspect for driving while
intoxicated--that he inquires if the suspect wants to take a breath test. "If they say yes, I take them
down and read the DIC [warnings]. If they say no, I explain what I'm going to do as far as
videotape and book them into jail." Harkin could not "say for sure" what his conversation with
appellant was, but could only relate what he normally did, and that it was reasonable to assume
that was what he did in this case. At another point, the officer testified that he explained to
appellant that a refusal to take the test would result in the taking of a videotape and being placed
in jail. Harkin did state that he never indicated to appellant that for any reason he would not be
booked into jail.



LAW RELATING TO SUPPRESSION HEARINGS


 In a suppression hearing, the trial court is the sole trier of fact and judge of the
credibility of the witnesses and the weight to be given their testimony. Romero v. State, 800
S.W.2d 539, 543 (Tex. Crim. App. 1990). The trial court may accept or reject all or any part
of the witness's testimony. Alvarado v. State, 853 S.W.2d 17, 23 (Tex. Crim. App. 1993);
Allridge v. State, 850 S.W.2d 471, 492 (Tex. Crim. App. 1991), cert. denied, 114 S. Ct. 101
(1993). The trial court resolves all conflicts in the testimony. Hawkins v. State, 853 S.W.2d 598,
600 (Tex. App.--Amarillo 1993, no pet.). An appellate court must view the evidence in the light
most favorable to the trial court's ruling at the suppression hearing. Upton v. State, 853 S.W.2d
548, 553 (Tex. Crim. App. 1993). In reviewing the trial court's decision, an appellate court does
not engage in its own factual review; it determines only whether the record supports the trial
court's fact findings. Romero, 800 S.W.2d at 543. In making this determination, an appellate
court considers the totality of the circumstances. Dancy v. State, 728 S.W.2d 772, 777 (Tex.
Crim. App.), cert. denied, 484 U.S. 975, 108 S. Ct. 485, 98 L. Ed. 2d 484 (1987). If the trial
court's fact findings are supported by the record, an appellate court will not disturb the findings
absent an abuse of discretion. Etheridge v. State, 903 S.W.2d 1, 15 (Tex. Crim. App. 1994),
cert. denied, 116 S. Ct. 314 (1995); Upton, 853 S.W.2d at 553; Cantu v. State, 817 S.W.2d 74,
77 (Tex. Crim. App. 1991). In the absence of express findings of fact, this Court will presume
that the trial court found the facts needed to support its ruling. See State v. Gunter, 902 S.W.2d
172, 173 (Tex. App.--El Paso 1995, pet. ref'd); State v. Johnson, 896 S.W.2d 277, 280-81 (Tex.
App.--Houston [1st Dist.] 1995, pet. granted). On appellate review, the Court will normally
address only the question of whether the trial court properly applied the law to the facts. Romero,
800 S.W.2d at 543. If the trial court's decision is correct on any theory of the law applicable to
the case, it will be sustained even though the trial court may give the wrong reason for
suppressing the evidence. Id.



NO ABUSE OF DISCRETION


 In the instant suppression hearing, the trial court, the trier of fact, was authorized
to resolve conflicts in the testimony of the sole witness. Hawkins, 853 S.W.2d at 600. The trial
court could have accepted part of Officer Harkin's testimony and rejected the rest. Alvarado, 853
S.W.2d at 23. The evidence at the suppression hearing, of course, must be viewed in the light
most favorable to the trial court's ruling. Upton, 853 S.W.2d at 553. While the trial court made
no express findings, we cannot say under the circumstances that the trial court abused its
discretion in overruling the suppression motion despite appellant's claim that the warnings given
exceeded the consequences outlined in section 2(b) of article 6701l-5.



APPELLANT'S RELIANCE MISPLACED


 Appellant relies on Erdman v. State, 861 S.W.2d 890, 893 (Tex. Crim. App.
1993), holding that any warnings pursuant to Article 6701l-5, section 2(b) must be limited to the
two specific consequences therein and only those two. In Erdman, the Department of Public
Safety trooper told the defendant that his refusal to take the intoxilyzer test would be admissible
in a subsequent proceeding and that his driver's license would be suspended for 90 days. In
addition to these statutory consequences, the trooper told the defendant that his refusal would
result in a driving while intoxicated charge being filed and in his confinement in jail that night. 
The defendant was informed of these nonstatutory consequences at the same time as the statutory
consequences. The trooper also told the defendant that if he passed the test he would not be
charged with D.W.I. that night. Thereafter the defendant consented to take the test, after an
earlier refusal. Id. at 898 (Overstreet, J., dissenting). Erdman is distinguishable from the instant
case on its facts. We do not interpret Erdman to mean that an article 6701l-5, section 2(b)
warning will be fatally flawed by just any situation when a police officer explains to a defendant
that he is under arrest, is going to jail, and that D.W.I. charges will be filed. In State v. Sells,
798 S.W.2d 865 (Tex. App.--Austin 1990, no pet.), this Court affirmed an order granting the
motion to suppress. There, the officer, in addition to the statutory consequences, informed the
defendant at the same time that upon refusal to take the breath test the defendant "would
automatically be charged and incarcerated." The defendant testified that he would not have
consented except for this last statement. This Court noted that consent is not voluntary when
induced by an officer's misstatement of the consequences flowing from a refusal to take the test. 
Sells is also distinguishable on its facts from the instant case. Appellant's reliance upon Erdman
and Sells is misplaced.



A FAILURE OF PROOF


 Moreover, appellant sought to suppress the results of a breath test by his motion
to suppress. As the movant, appellant had the initial burden of producing evidence to establish
that a test was given and that it produced results. Cf. Edwards v. State, 850 S.W.2d 731, 734
(Tex. App.--El Paso 1993, no pet.); Wood v. State, 828 S.W.2d 471, 474 (Tex. App.--El Paso
1992, no pet.). In the suppression hearing, appellant never established that the breath test
produced any results. The trial court cannot be faulted for failing to suppress test results not
shown to exist. If a trial court's decision is correct on any theory of law applicable to the case
it will be sustained. Romero, 800 S.W.2d at 543. This principle holds true even though the trial
court gives the wrong reason for its decision, and this is especially true with regard to the
admission of evidence. Id.; Dugard v. State, 688 S.W.2d 524, 530 (Tex. Crim. App. 1985). In
the trial court's ruling, it did not specify under which theory the suppression motion was
overruled.



GENERAL VERDICT


 In addition, there are two types of driving while intoxication offenses: a "loss of
faculties" offense and a "per se alcohol concentration in bodily fluids" offense. See State v.
Carter, 810 S.W.2d 197, 200 (Tex. Crim. App. 1991); Owen v. State, 905 S.W.2d 434, 437
(Tex. App.--Waco 1995, no pet. h.); Daricek v. State, 875 S.W.2d 770, 771-72 (Tex. App.--Austin
1994, pet. ref'd). The instant information charged the offenses conjunctively. The trial court's
charge submitted these theories of intoxication disjunctively. The jury returned a general verdict.

 Article 37.07, section 1(a) requires that the verdict in every criminal action be
"general." Tex. Code Crim. Proc. Ann. art. 37.07, § 1(a) (West 1981); Renfro v. State, 827
S.W.2d 832, 836 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd). Where the jury returns a
general verdict finding the defendant guilty as charged in the indictment or information, the
verdict is proper and will support a conviction under either theory or phase of the offense which
is supported by the evidence. Vasquez v. State, 665 S.W.2d 484, 486-87 (Tex. Crim. App.
1984); see also Fuller v. State, 827 S.W.2d 919, 931 (Tex. Crim. App. 1992); Berg v. State, 747
S.W.2d 800, 809 (Tex. Crim. App. 1984); Aguirre v. State, 732 S.W.2d 320, 326 (Tex. Crim.
App. 1987); Reyna v. State, 846 S.W.2d 498, 500 (Tex. App.--Corpus Christi 1993, no pet.). A
general verdict will thus be upheld on appeal if the evidence is sufficient to support any of the
alternative theories submitted. Williams v. State, 830 S.W.2d 303, 308 (Tex. App.--Houston [14th
Dist.] 1992, no pet.).

 With respect to the allegation of intoxication either through "loss of faculties" or
by per se alcohol concentration in body fluids, a conviction for driving while intoxicated under
a general verdict is valid if either theory is supported by the evidence. Chauncey v. State, 837
S.W.2d 179, 182 (Tex. App.--El Paso 1992), aff'd, 877 S.W.2d 305 (Tex. Crim. App. 1994);
Sims v. State, 735 S.W.2d 913, 915 (Tex. App.--Dallas 1987, pet. ref'd). The general verdict in
the instant case is supported by the evidence on the trial on the merits as to the "loss of faculties"
offense or theory completely without regard to the trial court's ruling on the motion to suppress
evidence relating only to the results of a breath test connected with the "per se" theory. The sole
point of error is overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Powers, Kidd and Onion*

Affirmed

Filed: March 6, 1996

Do Not Publish



* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).



 by his motion
to suppress. As the movant, appellant had the initial burden of producing evidence to establish
that a test was given and that it produced results. Cf. Edwards v. State, 850 S.W.2d 731, 734
(Tex. App.--El Paso 1993, no pet.); Wood v. State, 828 S.W.2d 471, 474 (Tex. App.--El Paso
1992, no pet.). In the suppression hearing, appellant never established that the breath test
produced any results. The trial court cannot be faulted for failing to suppress test results not
shown to exist. If a trial court's decision is correct on any theory of law applicable to the case
it will be sustained. Romero, 800 S.W.2d at 543. This principle holds true even though the trial
court gives the wrong reason for its decision, and this is especially true with regard to the
admission of evidence. Id.; Dugard v. State, 688 S.W.2d 524, 530 (Tex. Crim. App. 1985). In
the trial court's ruling, it did not specify under which theory the suppression motion was
overruled.



GENERAL VERDICT


 In addition, there are two types of driving while intoxication offenses: a "loss of
faculties" offense and a "per se alcohol concentration in bodily fluids" offense. See State v.
Carter, 810 S.W.2d 197, 200 (Tex. Crim. App. 1991); Owen v. State, 905 S.W.2d 434, 437
(Tex. App.--Waco 1995, no pet. h.); Daricek v. State, 875 S.W.2d 770, 771-72 (Tex. App.--Austin
1994, pet. ref'd). The instant information charged the offenses conjunctively. The trial court's
charge submitted these theories of intoxication disjunctively. The jury returned a general verdict.

 Article 37.07, section 1(a) requires that the verdict in every criminal action be
"general." Tex. Code Crim. Proc. Ann. art. 37.07, § 1(a) (West 1981); Renfro v. State, 827
S.W.2d 832, 836 (Tex. App.--Houston [1st Dist.] 1992, pet. ref'd). Where the jury returns a
g