TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00662-CR






Saul Roland, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 96-004, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING





 A jury found appellant Saul Roland guilty of delivering more than one gram but less
than four grams of cocaine. Tex. Health & Safety Code Ann. § 481.112(a), (c) (West Supp.
1999). The jury assessed punishment, enhanced by two previous felony convictions, at
imprisonment for ninety-nine years and a $10,000 fine. Appellant contends the evidence is legally
insufficient to sustain the conviction, complains of certain trial errors, and urges that he received
ineffective assistance of counsel. We will overrule these contentions and affirm the judgment of
conviction.


Sufficiency of evidence

 The State's primary witness was Dexter Harris, a Bastrop County corrections
officer who volunteered to work undercover for a regional narcotics task force. On the afternoon
of February 3, 1995, Harris drove to appellant's house in Lockhart. Harris spoke to appellant in
the front yard and told him that he wished to purchase a "ten-pack," meaning ten rocks of crack
cocaine. Appellant told Harris that he had no drugs at that moment, but that he would be able to
sell him nine rocks of crack for $150 in one hour. Harris left, then returned to appellant's house
about an hour later. Harris was met outside by Willie Hights. Harris told Hights that he was
there to purchase crack cocaine, but that he would deal only with appellant. Hights took Harris
inside the house, where they spoke to appellant in the front room. Appellant told Harris that
Hights was his runner and that it was safe to deal with him. Hights handed Harris a small plastic
bag containing what proved to be nine rocks of crack cocaine, and Harris gave appellant $150 in
cash.

 Appellant first contends the State failed to prove that he delivered cocaine to Harris
"by actual transfer" as alleged in the indictment. While it is true that the actual, physical transfer
of possession to Harris was made by Hights, the district court's charge included an instruction on
the law of criminal responsibility for the conduct of another and authorized appellant's conviction
as a party. Tex. Penal Code Ann. §§ 7.01, 7.02 (West 1994); see and compare Nevarez v. State,
767 S.W.2d 766, 768 (Tex. Crim. App. 1989) (parties charge given), with Conaway v. State, 738
S.W.2d 692, 694-95 (Tex. Crim. App. 1987) (parties charge not given). Harris's testimony
clearly shows that appellant encouraged, directed, or aided the transfer from Hights to Harris with
the intent to promote or assist in the commission of the offense. Sec. 7.02(a)(2). Appellant
concedes as much, but argues that Harris was himself a party to the offense whose testimony had
to be corroborated. See Tex. Code Crim. Proc. Ann. art. 38.14 (West 1979) (accomplice
testimony must be corroborated). This argument is incorrect. An officer or agent of law
enforcement does not become a party to a crime if he participates solely for the purpose of
apprehending one engaged in the crime. Vela v. State, 373 S.W.2d 505, 507 (Tex. Crim. App.
1963). An undercover agent is not an accomplice witness so long as he does not bring about the
crime, but merely obtains evidence to be used against those engaged in the traffic. Gonzales v.
State, 505 S.W.2d 267, 269 (Tex. Crim. App. 1974). Harris's conduct did not bring about the
crime, but merely facilitated its commission. See Williams v. State, 830 S.W.2d 303, 304 (Tex.
App.--Houston [14th Dist.] 1992, no pet.). Point of error one is overruled.

 Next, appellant contends the State failed to prove he delivered the alleged quantity
of cocaine. The State's chemist testified that he first weighed the suspect substance in the
packaging in which it was received at the laboratory. (1) He then removed the substance from the
packaging and weighed the packaging alone. By this method, he calculated that the substance
weighed 2.61 grams. At first, there was some confusion as to whether the packaging weighed
separately included the small plastic bag in which the delivery was made, or only the police
evidence bag. The chemist later made it clear that all packaging had been weighed separately, and
that the 2.61 grams figure was the weight of the substance alone. Appellant's assertion that the
2.61 grams included the weight of the plastic bag is thus contradicted by the record.

 The chemist testified that the rocks contained cocaine, plus adulterants and
dilutants. Appellant argues that the chemist failed to testify that these adulterants and dilutants had
been added to increase the bulk or quantity of the final product without affecting the chemical
activity of the controlled substance, citing Cawthon v. State, 849 S.W.2d 346, 348-49 (Tex. Crim.
App. 1992), and Reeves v. State, 806 S.W.2d 540, 542 (Tex. Crim. App. 1990). The cited
opinions were written before the 1994 amendments to the Controlled Substances Act. The act now
provides that an adulterant or dilutant is any material that increases the bulk or quantity of a
controlled substance, regardless of its effect on the chemical activity of the substance. Tex. Health
& Safety Code Ann. § 481.002(49) (West Supp. 1999). Under this definition, all of the material
possessed by appellant in addition to cocaine was an adulterant or dilutant. The State proved that
the combined weight of the cocaine, adulterants, and dilutants was 2.61 grams. Point of error two
is overruled.

 Appellant's final challenge to the sufficiency of the evidence is that "[o]mitting the
evidence which should have been suppressed, excised or refused as hearsay or on other grounds,
but was not, the testimony as a whole was insufficient for any reasonable trier of fact to convict 
the Appellant." The premise of this argument, that improper evidence was admitted, is not
supported by the record. Even if it were, an appellate court must consider all evidence, even that
improperly admitted, when determining its legal sufficiency. Nickerson v. State, 810 S.W.2d 398,
400 (Tex. Crim. App. 1991). Viewing all the evidence in the light most favorable to the verdict,
any rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim.
App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). Point of error four is
overruled.


Trial errors

 Harris worked under the supervision of Deputy Sheriff Kenneth Kaigler, who was
also assigned to the narcotics task force. Kaigler listened to Harris's dealings with appellant and
Hights by means of a microphone and transmitting device attached to Harris. Kaigler also
recorded the transaction, and this recording was admitted in evidence and played for the jury. 
Appellant contends the recording was erroneously admitted because Hights's recorded statements
were hearsay. This objection was properly overruled by the district court. A statement by a
conspirator during the course and in furtherance of the conspiracy is not hearsay when offered
against a coconspirator. Tex. R. Evid. 801(e)(2)(E); see Wilkerson v. State, 933 S.W.2d 276,
279-80 (Tex. App.--Houston [1st Dist.] 1996, pet. ref'd) (coconspirator rule applies when two
or more persons participate in offense). We also understand appellant to argue that the voices on
the tape were not adequately identified and that the tape was improperly used to bolster Harris's
testimony. We do not address these contentions because they were not presented to the district
court. Tex. R. App. P. 33.1(a). Point of error three is overruled.

 Appellant also contends the district court erred by failing to include the statutory
instruction on the law of good time and parole in its punishment charge. See Tex. Code Crim.
Proc. Ann. art. 37.07, § 4(b) (West Supp. 1999). The record reflects that the court gave defense
counsel the option whether or not to include the instruction. Counsel chose to omit it. The court
did instruct the jury "not [to] consider the length of time the Defendant may actually serve in
prison regarding any sentence assessed in this case, nor can you consider the manner in which the
parole law may be applied to this particular Defendant."

 The failure to give the statutory parole instruction is charge error subject to
Almanza analysis. Cormier v. State, 955 S.W.2d 161, 164 (Tex. App.--Austin 1997, no pet.);
see Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g) (charge error
without trial objection must be egregiously harmful). In this cause, appellant not only did not
object to the absence of the instruction, he affirmatively waived it. Even if this waiver does not
foreclose consideration of the alleged error, appellant makes no effort to demonstrate harm. Point
of error five is overruled.


Effectiveness of trial counsel

 Appellant's remaining points of error complain of ineffective assistance by trial
counsel. To prevail on a claim of ineffective assistance at the guilt stage, an appellant must show
that counsel made such serious errors that he was not functioning effectively as counsel and that
these errors prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. 
Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex.
Crim. App. 1986); and see Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985);
O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd). The test for
effectiveness of counsel at the punishment stage of a noncapital trial is whether counsel was
reasonably likely to render and rendered effective assistance. Ex parte Craig, 825 S.W.2d 128,
130 (Tex. Crim. App. 1987); Ex parte Cruz, 739 S.W.2d 53, 57-58 (Tex. Crim. App. 1987).

 Trial counsel's performance must be judged in its totality, rather than by isolating
individual errors or omissions. Oestrick v. State, 939 S.W.2d 232, 237 (Tex. App.--Austin 1997,
pet. ref'd). We also must avoid the distortions of hindsight, and evaluate counsel's conduct from
his perspective at the time of trial. Ex parte Kunkle, 852 S.W.2d 499, 505 (Tex. Crim. App.
1993). Appellant must overcome a strong presumption that counsel's conduct fell within the wide
range of reasonable professional assistance. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim.
App. 1994). This burden is made more difficult when, as in this cause, no motion for new trial
was filed and there is no record focused on the conduct of counsel See id. at 772 (Baird, J.,
concurring).

 We begin with appellant's complaints regarding counsel's guilt stage performance. 
First, he contends counsel should have sought a competency examination prior to trial. See Tex.
Code Crim. Proc. Ann. art. 46.02, §§ 1, 2 (1979). Appellant's mother testified at the punishment
stage that appellant is mentally retarded, but we are referred to no evidence from which it might
be inferred that appellant was unable to consult with counsel or lacked a rational understanding
of the proceedings against him.

 Next, appellant urges that counsel should not have waived the first four items in his
motion in limine before testimony began. This complaint is factually incorrect. The record
reflects that counsel waived the first item, but that the second and fourth were overruled by the
court and the third was agreed to by the State. The one waived item asked that any oral or written
statement to the police by appellant not be introduced in evidence without first obtaining a ruling
on its admissibility. No such statement was offered in evidence.

 Appellant complains that counsel's opening statement was too short, taking up only
one page in the reporter's record. Appellant also does not like the content of the statement, in
which counsel noted the one-year delay between the alleged offense and the indictment, and raised
questions regarding the conduct of the undercover agent and the handling of the evidence. The
content of an opening statement is a matter of trial strategy and, as such, is entitled to the greatest
deference on appeal.

 Appellant further argues that his attorney failed to preserve error regarding the tape
recording. As previously noted, appellant's hearsay argument was preserved for appeal. 
Although counsel did not object to the recording on the other grounds appellant sought to raise,
we are not persuaded that such objections would have been well-taken. To the extent that
appellant contends the recording was not properly authenticated, we cannot assume that the State
would have been unable to provide the necessary authenticating testimony had an objection been
made and sustained.

 Finally, appellant contends counsel's representation at the guilt stage was ineffective
because he did not interview Hights to determine if his testimony would benefit appellant. 
Appellant cites no evidence in the record to sustain this contention.

 Considering the issues raised by appellant both individually and collectively, he has
not met his burden of showing that trial counsel made such serious errors that he was not
functioning effectively at the guilt stage. Points of error six, eight, nine, and eleven are overruled.

 Turning to the punishment stage, appellant complains that his attorney failed to
adequately interview the witnesses before calling them to testify. Had counsel done so, appellant
argues, he would not have called appellant's brother to testify. During cross-examination, the
witness admitted that appellant used and sold drugs in the past. Appellant also complains that
counsel's waiver of the statutory parole instruction was in itself an act of ineffectiveness.

 The record is essentially silent with respect to counsel's pretrial interviews of the
various witnesses. The record does reflect that counsel originally did not plan to call appellant's
brother, but later changed his mind. This was a matter of trial strategy, and does not merit the
conclusion that counsel was not functioning effectively. The authorities cited by appellant do not
support his argument with regard to the parole instruction. In the cases cited by appellant, defense
counsel either personally misstated the parole law to the jury or failed to object when the
prosecutor did so. See Valencia v. State, 966 S.W.2d 188, 190 (Tex. App.--Houston [1st Dist.]
1998, pet. ref'd); Kucel v. State, 907 S.W.2d 890, 896-97 (Tex. App.--Houston [1st Dist.] 1995,
pet. ref'd). We find no misstatement of the parole law in this record. We decline to hold that a
defense attorney who agrees to the omission of the statutory instruction is, for that reason,
ineffective. Points of error seven and ten are overruled.


Conclusion

 In his final point of error, appellant asserts the cumulative effect of the errors
previously discussed. Having found no errors, we overrule point twelve.

 The judgment of conviction is affirmed.



 

 Marilyn Aboussie, Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed

Filed: February 19, 1999

Do Not Publish





* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Actually, the chemist weighed the package twice. The first time, he determined that it
weighed 6.04 grams; the second time, 5.94 grams. Appellant emphasizes this small variance, but
it is irrelevant to his arguments.



strategy and, as such, is entitled to the greatest
deference on appeal.

 Appellant further argues that his attorney failed to preserve error regarding the tape
recording. As previously noted, appellant's hearsay argument was preserved for appeal. 
Although c