Affirmed and Opinion filed _____________, 2002

















Affirmed and Opinion filed October 3, 2002.                                                   

 

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-01090-CR 

____________

 

JEFFREY LEANTE RANDLE, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



On Appeal from the 182nd District Court

Harris
 County, Texas

Trial Court Cause
No. 872,319




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



O P I N I O N

            A jury found appellant, Jeffrey Leante Randle, guilty of delivery of cocaine weighing less
than one gram, and sentenced him to eleven months in the Texas Department of
Criminal Justice, State Jail Division.  Appellant
argues the evidence is legally and factually insufficient to support a guilty
verdict.  We affirm.  

            On March 22, 2001, Houston Police Officers Batts and Weido were
working undercover to identify and arrest narcotics dealers.  Officer Batts asked
appellant if he knew where someone was.  Appellant
responded by asking, “What are you looking for?”  Officer Batts told appellant he was looking
for a “twenty,” slang for twenty dollars’ worth of crack cocaine.  Appellant instructed Officer Batts to pull
his car over to the curb.  Appellant
approached the driver’s side window and handed Batts a rock of crack cocaine in
exchange for a twenty-dollar bill.  Shortly
thereafter, a different officer stopped appellant and found a twenty-dollar bill
in his pocket.  The serial number on this
bill matched the number Officer Batts had recorded from the bill he handed appellant.  Appellant presented no testimony in his
defense.

In six points of error, appellant challenges the legal and
factual sufficiency of the evidence to establish he delivered cocaine through an
actual transfer, constructive transfer, or by an offer to sell.  See Tex. Health & Safety Code § 481.112 &
§ 481.102 (3)(D). 
We apply the usual standards of review. 
Jackson v. Virginia, 443 U.S. 307, 319,
99 S. Ct. 2781, 2797
(1979); Johnson v. State, 23 S.W. 3d 1, 10 (Tex. Crim. App.
2000).  

To support a conviction for delivery of a controlled
substance, the State must prove appellant knowingly delivered a controlled
substance by either actual transfer, constructive transfer, or by an offer to
sell.  Tex.
Health & Safety Code § 481.112 & § 481.102 (3)(D).  The verdict stands if the evidence supports
any one of the three alternative manners of delivery the State alleged in the
indictment.  See Brooks v. State, 990 S.W.2d 278, 283 (Tex.
Crim. App. 1999).  

Here, the testimony of two officers establishes that
appellant took a rock of crack cocaine from his mouth and handed it to Officer Batts.  In return, Officer Batts gave appellant a twenty-dollar
bill.  Appellant argues that a lack of
physical evidence corroborating the officers’ testimony (such as a recording of
the transaction) undermines the sufficiency of the evidence.  But corroboration of undercover officers’
testimony is not required.  Williams v. State, 830
S.W.2d 303, 304 (Tex. App.—Houston [14th Dist.] 1992, no pet.).

In the instant case, the testimony of the officers and admission
of the cocaine into evidence is both legally and factually sufficient to
support a finding that an actual transfer occurred, and we will not
second-guess the jury’s determination of the officers’ credibility.  See Allen v. State, 39 S.W.3d 428, 430 (Tex.
App.—Houston [1st Dist.] 2001, no
pet.) (finding testimony of a single officer factually
sufficient to uphold conviction for delivery of cocaine).  

Having found the evidence legally and factually sufficient to
establish appellant delivered cocaine through an actual transfer, we will not
review the sufficiency of the evidence to establish delivery through either constructive
transfer or by an offer to sell.  See Aguirre v. State, 732 S.W.2d 320,
326 (Tex. Crim. App. 1987) (declining to review sufficiency under each alternative
means).  We overrule appellant’s six
points of error and affirm the judgment of the trial court.  

 

                                                                                                

                                                                                    /s/        Scott Brister

                                                                                                Chief
Justice

 

 

Judgment
rendered and Opinion filed October 3,
 2002.

Panel consists
of Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish —
Tex. R. App. P. 47.3(b).